UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHEK R. SIRAG,

                Plaintiff,

-against-

DEPARTMENT OF LABOR,

                Defendant.

24-CV-2820 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action against the New York State Department of Labor (DOL). He asserts claims arising out of his application for unemployment insurance benefits. By order dated April 16, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are drawn from Plaintiff's complaint. On or about March 1, 2024, Plaintiff "lost his job" and applied to the New York State DOL for unemployment insurance benefits. (ECF 1 at 4.) In response to his application, he received an email saying that "his case would be looked at." (*Id.*) Five months passed. (*Id.*)

Plaintiff "did not have a job or any money." (*Id.*) He asserts that "a government program shouldn't lie about having a program that helps people if they lose their job." (*Id.*)

Plaintiff states that he has been injured in his "living situation" and health. (*Id.* at 5.) In terms of the relief that he seeks, Plaintiff writes "personal health." (*Id.*)

## DISCUSSION

A.  **Review of unemployment insurance decisions**

State law establishes procedures for a claimant to seek review of an adverse decision on unemployment insurance benefits. First, several levels of administrative review are available. "A claimant who is dissatisfied with an initial determination of his or her claim for benefits . . . may, within thirty days after the mailing or personal delivery of notice of such determination, request a hearing." N.Y. Lab. Law § 620 (1)(a). Where such a hearing is requested, it "shall be held by a referee who shall render his or her decision within five days after the hearing is concluded." N.Y. Lab. Law § 620 (3)(b). The decision of a referee "shall be deemed the decision of the appeal board . . . unless an appeal is taken from such decision to the board." *Id.* Within twenty days after the "mailing or personal delivery of notice of the decision of a referee" the claimant may appeal to the appeal board by filing a notice of appeal in the local state employment office. N.Y. Lab. Law § 621. The appeal board may decide the case "on the basis of the record and of evidence previously submitted in such case. . . ., or it may in its discretion hear argument or hold a further hearing, or remand such case to a referee . . . ." *Id.*

Second, review of the final administrative decision is available within the state court system. Within thirty days of "mailing or personal delivery of notice of a decision by the appeal board," an affected party "may appeal questions of law involved in such decision only to the Appellate Division of the New York Supreme Court, Third Department. N.Y. Lab. Law § 624; *see also MacGilfrey v. Pugh*, 217 A.D.2d 888, 889 (3rd Dep't 1995) (noting that judicial review of an Unemployment Insurance Appeal Board (UIAB) decision via the Appellate Division, Third Department is "the exclusive review procedure" that was "contemplated by the [New York State] Legislature," with respect to "direct appeals . . . when claimants are aggrieved after a decision of the" UIAB). Appeal from a decision of the Appellate Division, Third Department may, subject to

3

the same limitations that apply to other civil actions, be taken to the New York Court of Appeals. *Id.* The federal courts thus play no role in reviewing the decisions of the New York States DOL, and this Court cannot hear an appeal from any adverse DOL decision that Plaintiff may have received.

**B.      Claims against New York State DOL**

Plaintiff names the DOL as a defendant in this action. The DOL is a part of the State of New York and shares its Eleventh Amendment immunity. *Jackson v. N.Y. State Dep't of Labor*, 709 F. Supp. 2d 218, 225-26 (S.D.N.Y. 2010) ("DOL is an agency of the State of New York, which is an arm of the state entitled to invoke Eleventh Amendment immunity."); *Hardy v. N.Y.S. Dep't of Labor*, No. 1:19-CV-5291, 2019 WL 5693506, at *2 (S.D.N.Y. Nov. 1, 2019) (same).

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, s*ee Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977), and Plaintiff does not invoke any federal statute that abrogates the State's Eleventh Amendment immunity.[1] The Eleventh Amendment therefore bars Plaintiff's claims against the DOL in federal court.

---

[1] Any claims that Plaintiff may have under state law regarding his entitlement to unemployment insurance benefits cannot be the basis for abrogating Eleventh Amendment immunity. *See, e.g., Pennhurst State Sch. & Hosp.*, 465 U.S. 89, 106 (9184) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials

**C.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed based on Eleventh Amendment immunity and for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:   May 22, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

---

on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.").